# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LAURA ESCALANTE FACUNDO; EDUARDO ROVIRA GANDARA; and their COMMUNITY PROPERTY LEGAL PARTNERSHIP,**<br><br>Plaintiffs,<br><br>v.<br><br>**MCS MEDICAL CARD SYSTEMS, INC.,**<br><br>Defendants. | **CIVIL NO. 10-2092 (ADC)**<br><br>**BREACH OF EMPLOYMENT CONTRACT; RETALIATION; LIQUIDATED, COMPENSATORY and DOUBLE DAMAGES; ARTICLES 1802 and 1803** |

## ANSWER TO THE COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW MCS Medical Card System, Inc. (hereinafter "MCS") through the undersigned counsel, and respectfully answers the complaint as follows:

### I.   NATURE OF THE ACTION AND JURISDICTION

1. Concerning the allegations in paragraph 1 of the complaint, it is denied that MCS discriminated against Laura Escalante, that it retaliated against Escalante, that it breached a contract with Escalante, or that it terminated Escalante. Likewise, it is denied that plaintiffs suffered any damages legally attributable to MCS. The remaining allegations are argumentative or refer to statutes on which plaintiffs rely to bring this case, and therefore, do not require a responsive pleading. To the extent a responsive pleading is required, however, it is denied that plaintiffs have valid claims against MCS.

2. The allegations in paragraph 2 of the complaint state the basis upon which plaintiffs have invoked jurisdiction, and hence, do not require a responsive pleading.

3. The allegations in paragraph 3 of the complaint refer to venue, which raises a legal issue not requiring a responsive pleading.

## II.     ADMINISTRATIVE PROCEEDINGS

4. The allegations in paragraph 4 of the complaint are admitted.

5. Concerning the allegations in paragraph 5 of the complaint, it is admitted that on August 6, 2010, the EEOC issued the notice referred to therein. Defendant lacks information about the date when Escalante received said notice and for this reason denies the allegation.

6. Concerning the allegations in paragraph 6 of the complaint, it is admitted that plaintiffs filed the lawsuit referred to in the paragraph. Whether the instant complaint was timely filed raises a legal issue that does not require a responsive pleading.

## III.    PARTIES

7. Concerning the allegations in paragraph 7 of the complaint, it is admitted that Escalante is of legal age.

8. Concerning the allegations in paragraph 8 of the complaint, it is admitted that Rovira is of legal age.

9. The allegations in paragraph 9 of the complaint raise a legal issue not requiring a responsive pleading.

10. Concerning the allegations in paragraph 10 of the complaint, it is admitted that MCS is an "employer."

11. The allegations in paragraph 11 of the complaint are admitted.

## IV.     RELEVANT FACTS

12. The allegations in paragraphs 1-11 of this answer are incorporated by reference.

13. The allegations in paragraph 13 of the complaint are admitted.

14.     Concerning the allegations in paragraph 14 of the complaint, it is admitted that Escalante received an increase in compensation, and that on the date alleged she was appointed to the position referred to in the paragraph.

15.     Concerning the allegations in paragraph 15 of the complaint, it is admitted that an employment agreement existed.

16.     The allegations in paragraph 16 of the complaint are denied.

17.     The allegations in paragraph 17 of the complaint are admitted.

18.     Concerning the allegations in paragraph 18 of the complaint, it is admitted that an activity took place in the location referred to in the paragraph, that the activity was not a meeting but a party, and that those who attended the activity, including Escalante, consumed alcoholic beverages.

19.     Concerning the allegations in paragraph 19 of the complaint, it is denied that Ms. (Karen) López informed Escalante that both would be interviewed by the Human Resources Department as part of an investigation related to Mr. Rishell or that such investigation occurred one to two weeks after the activity referred to in the prior paragraph.  Whether a fellow employee of Escalante in the MCS Corporate Affairs Division informed plaintiff that the investigation would be conducted is denied for lack of information upon which to base a response.

20.     The allegations in paragraph 20 of the complaint are denied.

21.     Concerning the allegations in paragraph 21 of the complaint, it is admitted that Ms. Ginnette Oppenheimer informed Escalante that an investigation was being conducted on the subject matter to which the paragraph refers, and that Escalante would be interviewed.

22.     The allegations in paragraph 22 of the complaint are admitted.

23.     The allegations in paragraph 23 of the complaint are admitted.

24. Concerning the allegations in paragraph 24 of the complaint, it is admitted that Escalante said what she has alleged. Ms. Cintrón denied it. Ms. Cintrón occupied the position to which the paragraph refers.

25. Concerning the allegations in paragraph 25 of the complaint, it is admitted that Escalante requested copies of notes of interviews, and that Ms. Oppenheimer did not provide her the notes that Escalante was demanding.

26. Concerning the allegations in paragraph 26 of the complaint, it is admitted that Escalante wanted to obtain and see copy of the interviews, and that Ms. Oppenheimer did not give her the copies she was asking for. Escalante was not Ms. Oppenheimer's superior.

27. The allegations in paragraph 27 of the complaint are denied.

28. The allegations in paragraph 28 of the complaint are denied.

29. Concerning the allegations in paragraph 29 of the complaint, it is admitted that on the date referred to therein, Escalante terminated her employment as Chief Compliance Officer and Legal Counsel of MCS.

30. The allegations in paragraph 30 of the complaint are denied.

31. The allegations in paragraph 31 of the complaint are denied.

32. The allegations in paragraph 32 of the complaint are denied.

33. Concerning the allegations in paragraph 33 of the complaint, it is denied that Escalante was constructively discharged. The remaining allegations in the paragraph are denied for lack of information.

34. Concerning the allegations in paragraph 34 of the complaint, it is denied that MCS violated Escalante's rights. .

35. The allegations in paragraph 35 of the complaint are denied.

## V.    FIRST CAUSE OF ACTION

36. The allegations in paragraphs 1-35 of this answer are incorporated by reference.

37. The allegations in paragraph 37 of the complaint are admitted.

38. The allegations in paragraph 38 of the complaint are conclusory and on that basis they are denied. The person, to whom Escalante's assertions referred, denied what Escalante asserted.

39. Concerning the allegations in paragraph 39 of the complaint, Escalante's true motivation in demanding notes or preliminary findings from Ms. Oppenheimer is unknown to MCS.

40. The allegations in paragraph 40 of the complaint are denied.

41. The allegations in paragraph 41 of the complaint are denied.

42. Concerning the allegations in paragraph 42 of the complaint, it is admitted that MCS did not pay Escalante liquidated damages, for she voluntarily resigned from her employment with MCS without good reason. The allegation that any retaliation occurred is denied.

43. The allegations in paragraph 43 of the complaint are denied.

44. The allegations in paragraph 43 of the complaint are denied.

45. The allegations in paragraph 45 of the complaint are denied.

46. The allegations in paragraph 46 of the complaint are denied.

47. The allegations in paragraph 46 of the complaint are denied.

48. Concerning the allegations in paragraph 48 of the complaint, it is admitted that Escalante terminated her employment agreement with MCS.

49. The allegations in paragraph 49 of the complaint are denied.

50. The allegations in paragraph 50 of the complaint are denied.

## VI. SECOND CAUSE OF ACTION

51. The allegations in paragraphs 1-50 of this answer are incorporated by reference.

52. The allegations in paragraph 52 of the complaint are denied.

53. The allegations in paragraph 53 of the complaint are denied.

54. The allegations in paragraph 54 of the complaint are denied.

## VII. THIRD CAUSE OF ACTION

55. The allegations in paragraphs 1-54 of this answer are incorporated by reference.

56. The allegations in paragraph 56 of the complaint are denied.

57. The allegations in paragraph 57 of the complaint are denied.

58. The allegations in paragraph 58 of the complaint are denied.

59. The allegations in paragraph 59 of the complaint are admitted.

60. The allegations in paragraph 60 of the complaint are denied.

## VIII. FOURTH CAUSE OF ACTION

61. The allegations in paragraphs 1-60 of this answer are incorporated by reference.

62. Concerning the allegations in paragraph 62 of the complaint, the document speaks for itself. It is denied that Escalante terminated her employment with good reason.

63. The allegations in paragraph 63 of the complaint are admitted.

64. The allegations in paragraph 64 of the complaint are denied.

65. The allegations in paragraph 65 of the complaint are denied.

66. The allegations in paragraph 66 of the complaint are denied.

67. The allegations in paragraph 67 of the complaint are denied.

68. The allegations in paragraph 68 of the complaint are denied.

69. The allegations in paragraph 69 of the complaint are denied.

70. The allegations in paragraph 70 of the complaint are denied.

71. The allegations in paragraph 71 of the complaint are denied.

72. The allegations in paragraph 72 of the complaint are denied.

73. The allegations in paragraph 73 of the complaint are denied.

## IX.   FIFTH CAUSE OF ACTION

74. The allegations in paragraphs 1-73 of this answer are incorporated by reference.

75. The allegations in paragraph 75 of the complaint are denied.

76. The allegations in paragraph 76 of the complaint are denied.

77. The allegations in paragraph 77 of the complaint are denied.

78. The allegations in paragraph 78 of the complaint are denied.

## X.   TRIAL BY JURY

79. Concerning the allegations both in paragraph 79 of the complaint and in the items described as prayer for relief, it is denied that plaintiffs have a right to a jury trial as requested and to what they ask as relief in this case.

## AFFIRMATIVE DEFENSES

1. The allegations in paragraphs 1-79 of this answer are incorporated by reference.

2. Allegations not expressly admitted should be considered denied.

3. The complaint fails to allege facts sufficient to state a cognizable claim upon which relief may be granted.  Plaintiffs are not entitled to any of the remedies or amounts sought.

4. The claims asserted in the complaint are totally or partially time barred.

5. Escalante voluntarily resigned from her employment with MCS.  She had been reporting to the Chief Executive Officer, whose employment terminated.  To ensure continuity,

MCS created an interim Chief Executive Office to which both Escalante and other executives would be responding to, and brought in institutional expertise to assist the Office. Escalante disagreed and unilaterally opted to resign. She suffered no adverse action and cannot validly assert to have been constructively discharged without just or good cause.

6. Escalante was not discriminated or retaliated against, and was not treated differently than similarly situated employees. MCS has acted with just cause and legitimate (non-discriminatory, non-retaliatory) grounds linked to the proper operation of the enterprise, in good faith, without malice or negligence.

7. Plaintiffs have no colorable cause of action under the Puerto Rico Civil Code. MCS has complied with all its legal obligations toward plaintiffs. It did not materially breach the Agreement between Escalante and MCS. It was Escalante who materially breached the Agreement in unilaterally terminating her employment with MCS. Accordingly, MSC does not owe plaintiffs any amount on account of any legal duty or obligation.

8. Plaintiffs have suffered no recoverable damages of any kind legally attributable to MCS, and have not mitigated whatever recoverable damages they may have suffered. The damages alleged are exaggerated, speculative, and hold no relation with the facts of the instant case. They were caused by plaintiffs' own acts and/or omissions.

9. Plaintiffs are not entitled to a jury trial in connection with any and/or some of the causes of action brought forth and the remedies sought in the complaint.

10. The complaint is frivolous and has been filed without a reasonable basis to believe it has any merit, and hence, justifies not only its dismissal but an order for plaintiffs to pay for defendant's costs and attorney's fees.

11. MCS reserves the right to amend this answer during the course of this litigation.

Answer to the Complaint                                                                                                         Page 9
CIVIL NO. 10-2092 (ADC)

WHEREFORE it is respectfully requested that the Court take notice of the foregoing and proceed accordingly, dismissing the complaint and ordering plaintiffs to pay for defendant's costs and attorney's fees.

WE HEREBY CERTIFY that on this date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for all the parties in this case.

In San Juan, Puerto Rico, this 24th day of March, 2011.

        O'NEILL & BORGES
        American International Plaza
        250 Muñoz Rivera Ave., STE 800
        San Juan, PR 00918-1813
        Tel.: 787-764-8181
        Fax: 787-753-8944

By:    S/ Pedro A. Delgado Hernández
        Pedro A. Delgado Hernández
        USDC-PR No. 202008
        pedro.delgado@oneillborges.com

        S/ Joanna B. Matos Hicks
        Joanna B. Matos Hicks
        USDC-PR No. 227507
        joanna.matos@oneillborges.com